IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03269-BNB

JEFFREY C. FORD,

    Applicant,

v.

KURT ESTER, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Mr. Ford is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated currently at the Arkansas Valley Correctional Facility in Crowley, Colorado. He initiated this action on December 14, 2012, by filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF # 1). Pending before the Court at this time is Applicant's "Motion to Withdraw/Toll Writ of Habeas Corpus" (ECF # 19).

The Court construes Mr. Ford's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

### A.    Federal Court Procedural Background

On December 17, 2012, Magistrate Judge Boyd N. Boland reviewed the Petition and determined that it was deficient. Specifically, Magistrate Judge Boland found that

Mr. Ford had failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or, alternatively, to pay the $5.00 filing fee. In addition, Mr. Ford did not file his § 2254 Application on the court-approved from. Magistrate Judge Boland therefore ordered Applicant to resubmit his habeas petition on the court-approved form and to either file a § 1915 Motion and Affidavit on the court-approved form or pay the filing fee within thirty days of the December 17, 2012 Order.

Mr. Ford thereafter requested and was granted four extensions of time to comply with the December 17, 2012 Order, due in large part to his transfer to different detention facilities. Most recently, in a March 7, 2013 Minute Order, Magistrate Judge Boland directed Mr. Ford to comply with the December 17 Order by April 8, 2013. (*See* ECF # 18).

On April 10, 2013, Mr. Ford filed a "Motion to Withdraw/Toll Writ of Habeas Corpus." Applicant states in the Motion that he understands that he must exhaust state remedies for all the claims that he wishes to present in a federal § 2254 Application. (*Id.*)

**B.    Analysis**

Mr. Ford was convicted of the crime of sexual assault in the District Court of Adams County, Colorado, on August 23, 2012. (ECF # 1, at 4). At the time of filing, Applicant had not yet been sentenced. (*Id.* at 13).

Mr. Ford has not exhausted the available state court remedies for claims challenging the constitutionality of his criminal conviction. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it

appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the substance of a federal constitutional claim has been presented fairly to the state courts. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam); **Castille v. Peoples**, 489 U.S. 346, 351 (1989); **Picard v. Connor**, 404 U.S. 270, 278 (1971). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

The Court liberally construes Mr. Ford's "Motion to Withdraw/Toll Writ of Habeas Corpus" as a request to dismiss this action without prejudice, or, alternatively, a request to hold the application in abeyance pending exhaustion. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." **Bland v. Sirmons,** 459 F.3d 999, 1012 (10th Cir. 2006); 28 U.S.C. § 2254(b)(1)(A). The Court finds that dismissal without prejudice is appropriate here, but that a stay of proceedings, pending exhaustion, is not warranted.

Pursuant to **Rhines v. Weber**, 544 U.S. 269 (2005), this Court has discretion to

stay a mixed petition while a habeas petitioner returns to state court to exhaust his unexhausted claims. *Id.* at 277.  However, "stay and abeyance should be available only in limited circumstances." *Id.*  A habeas petitioner must establish "good cause" for his failure to first exhaust the claims in state court. *Id.*  In *Rhines*, the Supreme Court was concerned about the possible expiration of the AEDPA one-year limitation period while an Application remained pending in federal court. *Id.* at 269-70; *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that AEDPA limitation period is not tolled during pendency of federal habeas petition).  No such concern is presented here.

Mr. Ford was convicted in state court on August 23, 2012.  He had not been sentenced at the time he filed his federal Application in December 2012.  The AEDPA one-year limitation period commences when Mr. Ford's state court conviction is final.  If he chooses not to file a direct appeal, his conviction is final forty-nine days after entry of the sentence. *See* Colo. R. App. P. 4(b).  Otherwise, the AEDPA one-year period is tolled during the entire pendency of the direct appeal proceeding, until the United States Supreme Court denies certiorari review or the time for seeking certiorari review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Thereafter, the AEDPA time clock will be tolled by any properly filed state post-conviction motions. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-12 (10th Cir. 2000).

It appears that Mr. Ford may be able to meet the AEDPA's one-year filing requirement if he acts diligently to file his federal application once he has presented and exhausted his claims in the state courts.  Accordingly, the Court finds no basis for staying this action until Mr. Ford has exhausted his state court remedies for his claims.

Accordingly, it is

ORDERED that Mr. Ford's "Motion to Withdraw/Toll Writ of Habeas Corpus" (ECF # 19) is GRANTED.  It is

FURTHER ORDERED that the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF # 1) and this action are DISMISSED WITHOUT PREJUDICE so that Mr. Ford can exhaust available state court remedies for all of his constitutional claims.

DATED at Denver, Colorado, this   18th   day of   April  , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court